Submitted June 6, 2019, affirmed June 3, 2021

Senadija HERCENBERGER,
*Petitioner-Respondent,*

*v.*

Robert HERCENBERGER,
*Respondent-Appellant.*

Washington County Circuit Court
18CN02114; A169274

492 P3d 84

Respondent appeals an order of contempt and a supplemental judgment awarding petitioner attorney fees incurred in the course of enforcing a previously entered dissolution judgment. Respondent was found to be in contempt for failing to comply with the dissolution judgment's requirement that he convey a deed to the family residence to petitioner so that the property could be sold and he could be paid an equalizing judgment. Respondent raises a number of contentions, among them that the trial court violated the Oregon Code of Judicial Conduct in appointing itself a limited power of attorney to effect the execution of the deed. *Held*: The Court of Appeals held that, although the court's appointment to itself of a limited power of attorney to effect the execution of the deed was an unusual remedial sanction, respondent has not identified any reversible error.

Affirmed.

Keith R. Raines, Judge.

Robert Hercenberger filed the brief *pro se*.

No appearance for respondent.

Before DeHoog, Presiding Judge, and Mooney, Judge, and Kamins, Judge.

DeHOOG, P. J.

Affirmed.

**DeHOOG, P. J.**

Respondent appeals an order of contempt and a supplemental judgment awarding petitioner attorney fees incurred in the course of enforcing a previously entered dissolution judgment. Respondent, who represented himself throughout trial and on appeal, appears to raise a number of arguments, including that petitioner's contempt motion was untimely, that the trial court lacked subject matter jurisdiction to enforce the underlying judgment's provisions regarding the parties' joint residence, and that the court's execution and exercise of a power of attorney on behalf of respondent was an unlawful remedy for respondent's purported contempt. Writing only to briefly address the power of attorney issue, we conclude that respondent has not identified any reversible error by the trial court. We therefore affirm.

The relevant factual and procedural history is undisputed on appeal.[1] In December 2015, the trial court entered a general judgment dissolving the parties' unregistered domestic partnership. The court awarded petitioner custody of the parties' 15-year-old son, divided the parties' assets, and, as relevant here, awarded the family residence to petitioner, with an equalizing judgment to respondent to be paid when the house was refinanced. The judgment required petitioner to refinance the house within a specific period of time and required respondent to "cooperate in order to remove his name from the deed and regarding [petitioner's] refinance of the property as needed[.]" The court expressly retained jurisdiction to enforce its property award.[2]

Respondent did not comply with the general judgment's requirement that he cooperate in the refinancing of the house by signing the deed over to petitioner. Following earlier contempt proceedings held in October 2016, the trial court found respondent in contempt and ordered him to deed the house to petitioner and to pay a fine of $150 per day

---

[1] Petitioner has not appeared on appeal.

[2] The general judgment has been affirmed. *Hercenberger and Hercenberger*, 283 Or App 917, 391 P3d 136, *rev den*, 362 Or 94 (2017), *rev dismissed*, 365 Or 534 (2019).

until he complied. *See* ORS 33.055 (describing procedures for remedial contempt); ORS 33.105 (describing sanctions for remedial contempt). But, respondent appealed and the trial court stayed its contempt order pending appeal.

Respondent's appeal was unsuccessful. Nonetheless, respondent remained unwilling to sign over the deed in accordance with the general judgment and the trial court's earlier contempt order.[3] At petitioner's request, the trial court issued an order requiring respondent to appear and show cause why he should not be held in contempt for his continued failure to comply with the general judgment's requirement that he cooperate in the sale of the house by deeding the property to petitioner. At the ensuing contempt hearing, the trial court gave respondent an opportunity to present his case as to why his continued failure to sign over the deed did not constitute contempt. Respondent offered various arguments regarding such things as the court's legal authority to hold the contempt proceedings, his concerns regarding the terms of the underlying judgment and subsequent changes in the real estate market, undue restrictions on his ability to see his son, and his own, dire, financial circumstances. He did not, however, dispute that he had the ability to sign and had been unwilling to do so.[4] *See* ORS 33.055(10) (inability to comply with a court's order is an affirmative defense in contempt proceedings).

At the conclusion of the contempt hearing, the court ruled from the bench and again held respondent in contempt for willfully failing to comply with the requirement that he sign the deed over to petitioner so that she could refinance the house. The court then asked respondent whether, in

---

[3] The appellate judgment in respondent's first contempt proceeding issued in February 2018. The record does not reflect whether the trial court lifted the stay of its earlier contempt order at that or any other time.

[4] Petitioner testified through an interpreter at the contempt hearing. From respondent's testimony and written submissions, English does not appear to be his primary language, either, and it is apparent that his language difficulties and lack of familiarity with the law impaired his ability to communicate with the court. He does not appear, however, to have requested the assistance of an interpreter. Moreover, from the transcript, it is evident that respondent's defenses to petitioner's contempt allegations were rooted in ultimately unfounded legal arguments as to why he should not have to sign over the deed; he did not contend that he was willing but unable to do so.

light of the court's finding of contempt, respondent intended to deed the house to petitioner. Respondent replied that he did not.

The trial court then agreed with petitioner that ordering respondent to be held in custody until he complied with the general judgment would not advance the goal of requiring respondent to sign over the deed. The court did not, however, agree with petitioner's request that the court appoint itself respondent's guardian *ad litem* and sign the necessary documents for him in that capacity. Instead, the court crafted its own unusual remedy: The court entered a supplemental judgment granting itself a "limited power of attorney to effect the execution of the deed." *See* ORS 33.105(1) (describing court's authority to impose remedial contempt sanctions including "[a]n order designed to insure compliance with a prior order of the court," ORS 33.105(1)(d), and "[a] sanction other than the sanctions specified in paragraphs (a) to (e) of this subsection if the court determines that the sanction would be an effective remedy for the contempt," ORS 33.105(1)(f)).[5] Through its newly appointed power of attorney, the court satisfied respondent's obligation to assign the deed to petitioner.

In a separate supplemental judgment, the court awarded petitioner attorney fees. *See* ORS 33.105(1)(e) (allowing a court to impose as a sanction for remedial contempt "[p]ayment of all or part of any attorney fees incurred by a party as the result of a contempt of court").

Respondent now appeals, challenging both the order of contempt and the related award of attorney fees. Respondent contends that the trial court violated the

---

[5] ORS 33.105(1) provides:

"Unless otherwise provided by statute, a court may impose one or more of the following remedial sanctions:

"*****

"(d) An order designed to insure compliance with a prior order of the court, including probation.

"(e) Payment of all or part of any attorney fees incurred by a party as the result of a contempt of court.

"(f) A sanction other than the sanctions specified in paragraphs (a) to (e) of this subsection if the court determines that the sanction would be an effective remedy for the contempt."

Oregon Code of Judicial Conduct when it granted itself a limited power of attorney so that it could execute a deed on respondent's behalf and effectuate the requirements of the general judgment. Respondent also asserts that, for various reasons, including the timing of petitioner's motion to show cause, the trial court lacked subject matter jurisdiction to hold him in contempt.

We reject without discussion respondent's contention that the trial court lacked subject matter jurisdiction to hear the contempt motion and to hold him in contempt. As to whether the trial court should have granted itself a limited power of attorney to execute a deed on respondent's behalf, we agree that, despite the court's understandable frustration with respondent's apparent recalcitrance, it selected a rather unconventional sanction by acting—even on a very limited basis—as respondent's attorney-in-fact. We do not, however, agree with respondent that, by proceeding in that manner, the trial court committed reversible error. Even if the court's chosen remedy could run afoul of the Code of Judicial Conduct—a matter on which we express no opinion[6]— respondent has not advanced any argument or identified any authority to support the proposition that a violation of the judicial code, in and of itself, constitutes reversible error on appeal.

Moreover, we have little doubt that, given the trial court's retention of jurisdiction to enforce its property award and the broad authority to impose remedial sanctions under ORS 33.105(1)(f), the court had other means to effectuate its property award without either granting itself power of attorney to act on respondent's behalf or improperly modifying its judgment. That is, given that the underlying judgment already awarded petitioner the family home, effecting a transfer of title by some means other than getting a signature from respondent or someone on his behalf would not have changed the award, but merely carried it out. Thus, even if petitioner and the trial court were correct in assuming that

---

[6]  Respondent's brief cites Rules 2.1 ("Promoting Confidence in the Judiciary"), 2.2 ("Avoiding Misuse of the Prestige of Office"), and 3.3 ("Impartiality and Fairness") of the Code of Judicial Conduct, but articulates no cogent theory as to how the court's conduct contravened those provisions or any others within the judicial code.

jailing respondent would accomplish nothing, the trial court would have had other lawful means to enforce the judgment, and any error in enforcing the judgment in the manner it did was therefore harmless. Accordingly, we affirm.[7]

Affirmed.

---

[7] Respondent advances no argument regarding the trial court's award of attorney fees separate from his challenge to the underlying finding of contempt. As a result, we also affirm the court's fee award.